UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BECERRA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN DIEGO COMMUNITY COLLEGE DISTRICT, *et al.*,<br><br>    Defendants. | Case No. 17-cv-2489-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT;**<br><br>**(2) DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT; AND**<br><br>**(3) DENYING DEFENDANT'S MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 16]** |

**I.    INTRODUCTION**

Defendants San Diego Community College District, Rosalinda Sandoval, and Trudy Gerald move for three separate orders from the Court. ("Mot.," ECF No. 16-1.) First, Defendants move to dismiss Plaintiffs David Becerra and Antonio Jimenez's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Second, Defendants move for an order requiring Plaintiffs to file a more definite statement pursuant to Federal Rule of Civil Procedure

12(e). Lastly, Defendants move to strike Paragraphs 3, 17, and 19 of the FAC pursuant to Federal Rule of Civil Procedure 12(f).

The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' request to dismiss the FAC, **DENIES** Defendants' request to direct Plaintiffs to file a more definite statement, and **DENIES** Defendants' request to strike Paragraphs 3, 17, and 19 of the FAC.

## II. BACKGROUND

### A. Procedural History

Plaintiffs are adjunct professors in the Spanish language department at the San Diego Community College District ("College"). ("FAC," ECF No. 11, ¶¶ 1, 2.) Defendants Sandoval and Gerald are employees at the College and supervisors in its Spanish department. (*Id.* ¶¶ 6, 7.)

In early 2017, Plaintiffs both filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging claims of age discrimination and retaliation against Defendants. (*Id.* ¶¶ 11.) Plaintiffs then received right-to-sue letters from the EEOC dated September 21, 2017 (Becerra), and September 26, 2017 (Jimenez). (*Id.* at Ex. A.)[1]

Plaintiffs, along with now-dismissed plaintiff Salvador Gonzalez, filed a complaint on December 12, 2017. On April 16, 2018, Gonzalez filed a Notice of Voluntary Dismissal Without Prejudice. (ECF No. 9.) Plaintiffs Jimenez and Becerra then filed a first amended complaint, which Defendants move to dismiss

---

[1] Courts usually may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Because Plaintiffs attached the right-to-sue letters to the Complaint and incorporated the document therein, the Court considers the letters in adjudicating the instant Motion to Dismiss, *see Ritchie*, 342 F.3d at 908.

### B. Allegations in the First Amended Complaint

The allegations in the FAC fall into three general categories: Plaintiffs were harassed by Sandoval and Gerald because of their age; Plaintiffs witnessed Sandoval and Gerald harass Gonzalez because of his race/national origin; and Plaintiffs were retaliated against for various reasons.

Plaintiffs allege that Sandoval called Becerra an old man and "the antique of the department" (FAC ¶ 21); Sandoval told a student that Jimenez was old enough to be his grandfather (*id.* ¶ 32); and Jimenez and Becerra allege that Sandoval called them "old geezers" and told them their clothes were out of fashion. (*Id.* ¶¶ 21, 31, 36.) Plaintiffs allege they witnessed Sandoval making discriminating remarks to Gonzalez, including calling him derogatory terms. (*Id.* ¶ 18.) Plaintiffs do not include any specific discriminating remarks alleged to be made against them personally. They generally allege Sandoval and Gerald engaged in derogatory and harassing conduct because of their dislike for Plaintiffs' Mexican race, ethnicity, and national origin. (*Id.* ¶ 36.) Plaintiffs continually allege throughout the FAC that Defendants' conduct is ongoing. (*Id.* ¶ 12–36.)

As to the claims of retaliation, Sandoval attempted to intimidate Becerra and negatively changed his class schedule in retaliation for declarations he made on behalf of Gonzalez (*id.* ¶¶ 23, 25); and gave Becerra a class schedule that exacerbates his medical condition (*id.* ¶ 26). Jimenez alleges that Sandoval attempted to avoid assigning him a Spanish 102 class one semester in retaliation for an administrative mistake, but that the class was assigned to him after he complained to the Teachers' Union ("Union") (*id.* ¶ 27); in retaliation for complaining to the Union, Sandoval assigned Jimenez a class to teach three days a week at 7:45 a.m., when the traffic crossing the border from Mexico was inconvenient (*id.* ¶ 28); Sandoval called Jimenez into her office and berated him for going to the Union for help (*id.* ¶ 29); Gerald told Jimenez that he would have to undergo an evaluation of his teaching capabilities because he did a poor job with a student trip to Costa Rica (*id.* ¶ 30);

Sandoval coerced Jimenez to make a false statement against Gonzalez by telling Jimenez he would have problems with his courses if he did not comply (*id.* ¶ 33); after Jimenez complained about another course assignment and the Union intervened, Sandoval made Jimenez "split" a course with another instructor, which had never been done before (*id.* ¶ 34); and Sandoval confronted Jimenez and told him that if he chose to be her enemy, she would make his life "a living hell" and would make sure he had problems in the future with courses (*id.* ¶ 35).

In sum, the FAC asserts the following six causes of action: (1) civil rights violations against the College in violation of 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e *et seq.*); (2) disparate treatment against the College in violation of California Government Code section 12940(a); (3) retaliation against all Defendants in violation of California Government Code section 12940(h); (4) hostile work environment against all Defendants in violation of California Government Code section 12940(j); (5) failure to prevent harassment, discrimination, and retaliation against the College in violation of California Government Code section 12940(k); and (6) intentional infliction of emotional distress ("IIED") against Sandoval and Gerald.

### III. LEGAL STANDARD

#### A. <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Thus, "[w]hen subject matter jurisdiction is challenged under the Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the

burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quoting *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)), abrogated on other grounds *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

### B. Federal Rule of Civil Procedure 12(b)(6)

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

## IV. MOTION TO DISMISS

### A. Request for Judicial Notice

As an initial matter, Defendants request that the Court take judicial notice of Jimenez's April 25, 2017 EEOC charge of discrimination (Charge No. 488-2017-00345), Becerra's January 10, 2017 EEOC charge of discrimination (Charge No.

488-2017-00104), and the College's 2015–16 academic calendar. (ECF No. 16-3 at Exs. A, B, C.) Plaintiffs do not oppose this request.

The charges of discrimination are both referenced in the FAC. (*See* FAC ¶ 11 ("Plaintiffs filed a complaint for discrimination, retaliation and related claims with the EEOC."). The Court may therefore incorporate the charges by reference. Incorporation by reference allows a court deciding a Rule 12(b)(6) motion to dismiss to consider materials "properly submitted as part of the complaint." *Hal Roach Studios*, 896 F.2d at 1555 n.19. A court deciding a Rule 12(b)(6) motion to dismiss may consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This is the case here, and the Court therefore incorporates the documents by reference. It is noticed that Becerra filed a charge with the EEOC on January 10, 2017 and Jimenez filed a charge on April 25, 2017 (ECF No. 16-3, at Exs. A, B.) Additionally, the Court denies as moot Defendant's request to notice the academic calendar (Exhibit C) as the Court does not rely on it for the purposes of this Order.

Turning to the merits, Defendants move to dismiss each of Plaintiffs' causes of action for various reasons. The Court will address each of Defendants' arguments in turn.

**B.** **Administrative Exhaustion**

Defendants argue that some of Plaintiffs' discrimination claims are subject to dismissal because neither Plaintiff exhausted all administrative remedies for the claims. (Mot. 3, 5.) Plaintiffs' first cause of action is based on the Civil Rights Act of 1980, (42 U.S.C. § 1981), and Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e, *et seq*.) (FAC ¶ 38.) Plaintiffs state they were wrongfully discriminated against with respect to their compensation, terms, conditions, and privileges of

employment because of Plaintiffs' Mexican race, color, and national origin. Plaintiffs' second cause of action alleges violations of California's Fair Employment and Housing Act ("FEHA") on the basis of "race, ethnicity, national origin and age." (*Id.* ¶ 44.) Defendants recognize that Plaintiffs both alleged age discrimination and retaliation in their EEOC charges, but argue that Plaintiffs did not satisfy the administrative exhaustion requirement for the claims based on race, color, or national origin. (Mot. 5.)[2]

### 1. Legal Standard

In order to establish federal subject matter jurisdiction over a Title VII or a FEHA claim, a plaintiff must exhaust all administrative remedies. *Lyons v. England*, 307 F.3d 1092, 1103–04 (9th Cir. 2002) (citations omitted); *see also Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1612 (1995). A plaintiff exhausts all administrative remedies by filing a timely charge with the EEOC, thereby affording the EEOC an opportunity to investigate the charge. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002); *Chew v. City & Cty. of S.F.*, 714 F. App'x 687, 690–91 (9th Cir. 2017) (citations omitted); 42 U.S.C. § 2000e-5(e)(1).

The administrative exhaustion requirement is satisfied if the allegations of the civil action are within the scope of (i) the EEOC charge, (ii) any completed EEOC investigation, or (iii) any investigation that might reasonably be expected to grow out of the EEOC charge. *Wills v. Superior Court*, 195 Cal. App. 4th 143, 154–55 (2011), *as modified on denial of reh'g* (May 12, 2011); *see also Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (noting that the court "must inquire whether the original EEOC investigation would have encompassed the additional charges made in the court complaint but not included in the EEOC charge itself") (internal quotations omitted). Thus, the judicial complaint may encompass any discrimination

---

[2] Defendants do not move to dismiss the claim brought under 42 U.S.C. § 1981, so the Court only addresses the claims brought under Title VII and FEHA.

"like or reasonably related to" the allegations contained in the EEOC charge. *Chew*, 714 F. App'x at 690 (citing *Green v. L.A. Cty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989)). "A plaintiff's civil claims [are] reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *as amended* (Feb. 20, 2002). Courts must "construe the language of EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Id.* (internal quotations omitted).

### 2. Analysis

Neither Jimenez nor Becerra explicitly alleged discrimination on the basis of race, color, or national origin in their EEOC charges. (ECF No. 16-3 at Exs. A, B.) In specifying the types of discrimination they experienced, Jimenez and Becerra both checked the boxes for "retaliation" and "age," but neither checked the boxes for race, color, or national origin discrimination. (*Id.*) In the section where the claimant is requested to attach "the particulars" of the charge, Plaintiffs both reference an "internal racial discrimination investigation against" Sandoval. (*Id.*) In Jimenez's charge, he only claims "a colleague" filed a racial discrimination against Sandoval and that Jimenez was not questioned as part of the investigation. (ECF 16-3 at Ex. A.) In Becerra's charge, he only claims he served as a witness in the racial discrimination investigation. (*Id.* at Ex. B.) Plaintiffs argue these references are sufficient to satisfy the administrative exhaustion requirement for their allegations of racial, color, and national origin discrimination. The Court disagrees. The references would not have led the EEOC to believe that Plaintiffs had been subjected to racial discrimination; the charges in no way indicate that the "investigation" was related to actions Sandoval took against Plaintiffs.

Further, it is even more unfair to expect the EEOC to believe Plaintiffs have been subjected to discrimination based on national origin or color. There is no

reference to this in the charges. *See Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 271 (9th Cir. 1981) (holding that the district court was correct to dismiss new claims that were not included in the EEOC charge because, although the factual allegations were the same, the newly asserted theories were never investigated by the EEOC); *Chew*, 714 F. App'x at 690 (stating that a civil action may not include different alleged acts of discrimination or retaliation "unless the new claims are like or reasonably related to the allegations contained in the EEOC charge"). Plaintiffs' allegations of race, color, and national origin discrimination were not reasonably related to, and were not reasonably expected to grow out of, the original investigation into retaliation and age discrimination. Thus, the EEOC could not reasonably believe Plaintiffs had been subjected to such discrimination. Accordingly, the Court **GRANTS** Defendants' request to dismiss Plaintiffs' claims of discrimination based on race, color, and national origin (in Plaintiffs' first and second causes of action). This amendment is without prejudice because the Court finds it possible Plaintiffs could plead sufficient exhaustion in at least some respects. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding the Title VII administrative exhaustion requirement is not jurisdictional, but is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995) (holding under FEHA, failure to exhaust the appropriate administrative remedies is regarded as a jurisdictional defect).

### C. Statute of Limitations and Continuing Violations Doctrine

Plaintiffs' second cause of action alleges age discrimination under California Government Code § 12940(a). (FAC ¶ 44.) The third cause of action alleges retaliation in violation of California Government Code § 12940(h). (FAC ¶ 48.) Defendants contend that these claims are time-barred because Plaintiffs filed their EEOC charges outside the statutory period of limitations. (Mot. 6.)

///

### 1. Legal Standard

FEHA requires that a plaintiff file an administrative charge with either the EEOC or the California Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful act. Cal. Gov't Code § 12960(d).[3] However, the "continuing violations doctrine" allows a court, in some instances, to consider alleged unlawful behavior that would otherwise be time-barred, as long as the untimely incidents represent an ongoing unlawful employment practice. *See R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1112 (9th Cir. 2018) (stating that acts that fall outside of the statutory time period may be actionable).

For claims brought under Title VII, the Supreme Court has held the continuing violations doctrine is applicable to hostile work environment claims, but not to claims of discrimination or retaliation. *Morgan*, 536 U.S. at 114–15. Discriminatory or retaliatory acts such as termination, failure to promote, denial of transfer, or refusal to hire are "discrete acts" which are not actionable unless they occur within the statutory time period. *Id.* at 114. However, in *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1057–59 (2005), the California Supreme Court held that the continuing violations doctrine may be applicable not only to hostile work environment FEHA claims, but also to discrimination and retaliation FEHA claims where a plaintiff alleges a continuing course of unlawful conduct. *Id.* at 1142. Because Plaintiffs' second and third causes of action are brought under FEMA, the Court follows the *Yanowitz* standard. To establish a "continuing course of conduct" a plaintiff must show that the employer's actions (i) were sufficiently similar in kind, (ii) occurred

---

[3] The EEOC must issue a right-to-sue letter any time after 180 days after the charges are filed. 29 C.F.R. § 1601.28(a)(1). If the EEOC dismisses a case, the claimant has ninety days to bring a civil action. *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992). Defendants do not argue that Plaintiffs filed suit in an untimely manner. Plaintiffs received right-to-sue letters from the EEOC on or about September 21, 2017 (Becerra) and on or about September 26, 2017 (Jimenez). (FAC ¶ 11.) Plaintiffs had ninety days thereafter to file their claims in federal court. *See Scholar*, 963 F.2d at 267. They filed their Complaint on December 12, 2017; this is timely for both Plaintiffs.

with reasonable frequency, and (iii) did not acquire a degree of permanence. *Id.* (citing *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823 (2001)). "Permanence" means "that an employer's statements and actions make clear to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment will be futile." *Richards*, 26 Cal. 4th at 823.

### 2. Analysis

Defendants move to dismiss Plaintiffs' age discrimination and retaliation claims as being time barred. (Mot. 6.) Jimenez filed a charge of discrimination with the EEOC on April 25, 2017. (ECF 16-3 at Ex. A.) Defendants assert that the allegations of conduct that occurred more than one year before April 25, 2017 are time-barred under FEHA. Cal. Gov't Code § 12960. Similarly, Becerra filed a charge of discrimination with the EEOC on January 10, 2017, (ECF No. 16-3 at Ex. B), and Defendants assert that allegations of conduct that occurred more than one year before January 10, 2017 are time-barred under FEHA. Plaintiffs argue the continuing violation doctrine applies.

#### a. Age Discrimination

First, as to Plaintiffs' age discrimination claim, Plaintiffs refer to various occasions where Sandoval made remarks about Plaintiffs' age, calling them "antique," "old," "geezers," and Jimenez a "grandfather." (FAC ¶¶ 21, 31, 32.) However, Plaintiffs make no allegations that any of these incidents took place in the limitations period (after January and April 2016). "The continuing violation doctrine comes into play when an employee raises a claim based on conduct that occurred in part outside the limitations period." *Richards*, 26 Cal. 4th at 812. Plaintiffs have alleged discrimination occurred only before January and April 2016, not afterwards, therefore, the Court need not analyze the continuing violations doctrine. The Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' age discrimination claims as time barred. Because the Court finds it possible Plaintiffs could sufficiently allege the continuing violations doctrine applies, this dismissal is with leave to amend.

### b. Retaliation

As a preliminary matter, Plaintiffs' retaliation claims are brought against all Defendants. The California Supreme Court has clearly held non-employer individuals may not be held personally liable under FEHA for their role in retaliation. *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158 (2008). Therefore, the Court **GRANTS** Defendants' Motion to Dismiss all retaliation claims against Sandoval and Gerald and proceeds to analyze the claims brought against the College.

Plaintiffs make no allegations of any retaliatory conduct that occurred to Becerra within the limitations period. Thus, the Court need not analyze the continuing violations doctrine, and **GRANTS** Defendant's Motion to Dismiss Becerra's retaliation claims and dismisses the claims with leave to amend.

As to Jimenez, Plaintiffs allege Jimenez was forced to teach a "split course" which he had to share with another instructor for two semesters. (*See* FAC ¶ 34.) Plaintiffs allege Jimenez was assigned this class in retaliation for him seeking help from the Union in or about Fall 2016, when Sandoval cancelled Jimenez's spring class. (*Id*.) This action falls within the limitations period. Before analyzing the continuing violations doctrine, the Court must determine whether the assignment of a split course in this instance is a sufficient allegation of retaliation.

To establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action. *Yanowitz*, 36 Cal. 4th at 1042. Under the first prong, "protected conduct can take many forms." *Id*. It is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal Gov't Code § 12940(h). Here, Jimenez's action of going to the Union for help is plausibly an

action opposing the College's action of cancelling a professor's classes for discriminatory reasons. (FAC ¶ 27.) Thus, the first prong is met.

Under the second prong, to establish either a discrimination or a retaliation claim, "an employee must demonstrate that he or she has been subjected to an adverse employment action that materially affects the terms, conditions, or privileges of employment." *Yanowitz*, 36 Cal. 4th at 1051. In contrast, "an adverse action or treatment that reasonably would deter an employee from engaging in the protected activity" does not establish a sufficient adverse employment action. *Id.* The Court finds, at this stage, the inconvenient "split class" schedule, which has never been assigned before in the College's Spanish Department, (FAC ¶ 35), is sufficient to show Jimenez has been subjected to an action that materially affects the terms of his employment. Third, Plaintiffs have demonstrated a causal link, alleging Jimenez was given an inconvenient schedule because he complained to the Union. Thus, Jimenez has sufficiently pled retaliation against the College.

The issue now becomes whether the continuing violation doctrine applies so that Jimenez can bring claims based on conduct that occurred before the limitations period. In determining this, the Court analyzes the three prongs from *Richards*. 26 Cal. 4th at 823. The first *Richards* prong requires the actions be "sufficiently similar in kind." *Id.* Plaintiffs allege Defendants did not assign Jimenez a class one semester, (*id.* ¶ 27), assigned him an inconvenient class, (*id.* ¶ 28), cancelled a course assigned to him (*id.* ¶ 34), and assigned him a "split course," (*id.*) These actions are related and sufficiently similar. The second prong requires the actions to occur with reasonable frequency. Given that the environment is a school, it is reasonable that the actions occurred about once at the beginning of each semester. This prong is met. The third prong requires it to be clear "to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment will be futile." *Richards*, 26 Cal. 4th at 823. It is alleged that Sandoval told Jimenez he would "be sorry" for going to the Union, he was "defenseless," and

the Union would "be on [Sandoval's] side." (FAC ¶ 29.) This would cause a reasonable employee to think there was no hope for informal resolution to the harassment. Therefore, the Court finds Jimenez has sufficiently alleged a continuing violation of retaliatory conduct. The Court **DENIES** Defendants' Motion to Dismiss Jimenez's claims of retaliation against the College.

### D. Hostile Work Environment Claim

Plaintiffs' fourth cause of action alleges a hostile work environment under FEHA. Plaintiffs allege the harassing conduct was "because of their Mexican race, ethnicity and national origin or age." (FAC ¶ 53.) The Court has dismissed Plaintiffs' race, ethnicity, national origin, and age claims herein and therefore does not analyze Plaintiffs' hostile work environment claim here.

### E. Failure to Prevent Harassment, Discrimination, and Retaliation Claim

Plaintiffs' fifth cause of action alleges failure to prevent harassment, discrimination, and retaliation against the College. (FAC ¶ 57.) Defendants argue this claim should be dismissed because Plaintiffs' underlying claims of discrimination, hostile work environment, and retaliation are all subject to dismissal. (Mot. 17.) It is true that when a plaintiff fails to plead a claim for discrimination, harassment, or retaliation, the derivative failure to prevent that claim also fails as a matter of law. *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1314 (2015), *as modified on denial of reh'g* (Mar. 24, 2015). However, in this case, the Court found that Plaintiffs have adequately alleged at least some claims of discrimination and retaliation. Thus, the Court rejects this argument and finds that Plaintiffs' claim is legally sufficient. *See* Fed. R. Civ. P. 12(b)(6). Accordingly, the Court **DENIES** the motion to dismiss Plaintiffs' fifth cause of action on this ground.

### F. Intentional Infliction of Emotional Distress ("IIED") Claim

Plaintiffs' sixth cause of action alleges IIED against Sandoval and Gerald. (FAC ¶ 60.) Defendants argue that this claim should be dismissed because the

alleged conduct of Sandoval and Gerald is not "outrageous conduct" and Plaintiffs fail to plead severe emotional distress. (Mot. 21.)

To state a cause of action for IIED, a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) that the plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1259 (2005) (citing *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989)).

Under the first prong, outrageous conduct is conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.* When the conduct complained of is continuing in nature, the point at which it becomes sufficiently outrageous or severe, and whether it in fact continues, are questions of fact. *Murphy v. Allstate Ins. Co.*, 83 Cal. App. 3d 38 (1978). Plaintiffs have alleged the conduct was continuing, relentless, and intentional; the Court therefore finds Plaintiffs' allegations as to the first two prongs of this cause of action are sufficient at this stage.

Under the third prong, each plaintiff must show that he suffered severe or extreme emotional distress. *Huntingdon Life Scis., Inc.*, 129 Cal. App. 4th at 1259. Severe emotional distress is a high bar, requiring "distress of such substantial quantity or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (alteration in original) (citations omitted). Here, Plaintiffs merely state that they "suffer severe emotional distress" with no facts or symptoms to support this assertion, (FAC ¶ 61). Therefore the Court finds that the claim is not sufficient. *See Iqbal*, 556 U.S. at 678 (stating that the plaintiff must offer factual allegations to "state a claim to relief that is plausible on its face"). Thus, the Court **GRANTS WITH LEAVE TO AMEND** the Motion to Dismiss Plaintiffs' claim of IIED.

– 15 –

17cv2489

## V. MOTION FOR A MORE DEFINITE STATEMENT

While Defendants include a request for a more definite statement in the caption of their Motion, they include no detail in their memorandum of points and authorities regarding the request. In their notice of motion only, Defendants state that the FAC fails to state dates on which, and circumstances under which, the alleged conduct occurred. (ECF No. 16.) As such, Defendants argue that the FAC is so vague and ambiguous that they cannot reasonably prepare a response. (*Id*.)

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Confusing and unclear complaints "impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (explaining that defendants and courts could disagree on what claims are being alleged or risk surprises from the plaintiff later on in the case). Thus, in response to a motion for a more definite statement, the court has discretion to "require such detail as may be appropriate in the particular case." *Id.*

Defendants argue that the FAC is so vague and ambiguous that they cannot reasonably prepare a response. However, this does not seem to be the case because Defendants have filed a response to Plaintiffs' FAC and move for the Court to dismiss Plaintiff's claims. Therefore, the complaint does not "impose unfair burdens on litigants and judges" because Defendants are able to respond to it. *See id*. Thus, the Court **DENIES** Defendants' motion for a more definite statement.

## VI. MOTION TO STRIKE

Defendants also provide no detail regarding their motion to strike in their memorandum of points and authorities. Only in their notice of motion do Defendants provide minimal detail, arguing "Salvador Gonzalez, as a now-dismissed plaintiff to this civil action, is not a real party in interest to this action, and portions of the First

Amended Complaint, and specifically Paragraphs 3, 17 and 19, are immaterial and impertinent." (ECF No. 16 at 3.)

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "[The] motion . . . should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). The court "must view the pleadings in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Plaintiffs assert the references to Gonzalez in their FAC provides "necessary background and supplemental information" to their case and assert Gonzalez has been named as a Real Party-in-Interest. (Opp'n 12.) The Court finds, at this stage and without any supporting argument by Defendants, it is possible the reference to Gonzalez has bearing on Plaintiffs' case, thus, the Court **DENIES** the request to strike portions of the FAC.

## VII. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss Plaintiffs' claims. Specifically, the Court

- **DISMISSES** with leave to amend Plaintiffs' claims of discrimination based on race, color, and national origin;
- **DISMISSES** with leave to amend Plaintiffs' claims of age discrimination;
- **DISMISSES** without leave to amend Plaintiffs' claims of retaliation against Defendants Sandoval and Gerard;

- **DISMISSES** with leave to amend Plaintiff Becerra's claims of retaliation against Defendant College.
- **DISMISSES** with leave to amend Plaintiffs' claims of IIED.

The Court **DENIES** the remainder of the Motion. Further, the Court **DENIES** Defendants' Motion for a More Definite Statement, and **DENIES** Defendants' Motion to Strike. If Plaintiffs choose to file a Second Amended Complaint, they must do so no later than October 15, 2018.

**IT IS SO ORDERED.**

DATED: September 14, 2018

Hon. Cynthia Bashant
United States District Judge