1
2
3
4
5
6
7
8

9            **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  DAVID BECERRA, *et al.*,                    Case No. 17-cv-2489-BAS-MDD

                            Plaintiffs,       **ORDER GRANTING MOTION**
13                                            **FOR JUDGMENT ON THE**
                                              **PLEADINGS**
14      v.
                                              **[ECF No. 35]**
15  SAN DIEGO COMMUNITY
    COLLEGE DISTRICT, *et al.*,
16
                            Defendants.
17

18

19          Plaintiffs David Becerra and Antonio Jimenez were Spanish instructors at San

20  Diego City College.  (Second Amended Complaint, "SAC," ECF No. 20, ¶¶ 1, 2.)

21  Defendants Rosalinda Sandoval and Trudy Gerald were Plaintiffs' supervisors and

22  employees of the San Diego Community College District ("College").  (*Id.* ¶¶ 6, 7.)

23  The causes of action currently pending before the Court are: Count 1 against the

24  College alleging discrimination against Plaintiffs based on age in that their class

25  schedules were changed to inconvenient times; Count 2 against the College claiming

26  retaliation because Plaintiffs lodged complaints against Sandoval; Count 4 against

27  the College claiming the College failed to prevent harassment, discrimination and

28  retaliation; and Count 5 against Sandoval and Gerald alleging intentional infliction

1  of emotional distress.

2      Defendants now move for judgment on the pleadings claiming that all causes

3  of action are barred by the doctrine of sovereign immunity.  (ECF No. 35.)  Plaintiffs

4  responded to the Motion (ECF No. 44), and Defendants replied (ECF No. 46.)  The

5  Court held oral argument telephonically on May 20, 2020.  Based on the papers

6  submitted, the oral argument, and for the reasons stated below, the Court **GRANTS**

7  the Motion.

8  **I.      PROCEDURAL HISTORY**

9      Plaintiffs filed this case in December 2017. (ECF No. 1.)  In March 2018, the

10  Court set the matter for hearing on the issue of dismissal for want of prosecution

11  under Rule 4(m) of the Federal Rules of Criminal Procedure because Plaintiffs had

12  failed to serve the Complaint within 90 days of the filing date.  (ECF No. 3.)

13  Plaintiffs filed a service of process the next day.  (ECF No. 4.)

14      At Defendants' request, the Court extended time for Defendants to respond to

15  the Complaint.  (ECF Nos. 6, 7.)  On April 27, 2018, before Defendants responded,

16  Plaintiffs filed a First Amended Complaint ("FAC").  (ECF No. 11.)  The claims in

17  the FAC fell into three categories: age discrimination, discrimination based on

18  race/national origin, and retaliation.  (*Id.*)

19      In May 2018, Defendants moved to dismiss the FAC.  (ECF No. 16.)

20  Defendants argued that the race/national origin discrimination claims should be

21  dismissed for failure to exhaust administrative remedies.  (*Id*.)  The Court agreed and

22  dismissed those claims.  (ECF No. 19.)  Defendants further moved to dismiss the age

23  discrimination claims and retaliation claims as time barred.  (ECF No. 16).  The Court

24  agreed in part, but gave Plaintiffs leave to amend if they could allege a continuing

25  violation.  (ECF No. 19.)

26      On October 15, 2018, Plaintiffs filed a Second Amended Complaint ("SAC").

27  (ECF No. 20.)  On November 2, 2018, Defendants brought a second motion to

28  dismiss.  (ECF No. 21.)   The Court found all age discrimination claims were time-

barred except those involving the allegations that the College had changed Plaintiffs' class schedules.  (ECF No. 26.)   The Court further denied the motion to dismiss to the extent it argued the allegations were insufficient with respect to the claims of retaliation, failure to prevent harassment/discrimination/retaliation, and intentional infliction of emotional distress.  (*Id.*)

On June 3, 2019, Defendants filed an Answer.  (ECF No. 27.)  At the joint request of the parties, the Magistrate Judge continued the case management conference to August 23, 2019.  (ECF No. 33.)  On August 29, 2019, the Court issued a scheduling order.  (ECF No. 34.)  The discovery cut-off was set for February 3, 2020, and a Motion cut-off was set for March 3, 2020.  (Id.)  On November 19, 2019, Defendants filed this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## II.    LEGAL STANDARD

"The principal difference between motions filed pursuant to Rule 12(b) and 12(c) is the time of filing.  Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction has the burden of showing that subject matter jurisdiction exists.  *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).  "When a district court is presented with a challenge to its subject matter jurisdiction, no presumptive truthfulness attaches to a plaintiff's allegations.  In resolving such a motion, a district court may . . . resolve factual disputes where necessary."  *Id.* (citations omitted).

## III.   ANALYSIS

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).   "California state colleges and universities are 'dependent instrumentalities of the state'" and thus are subject

to this sovereign immunity. *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (citation omitted). Further, "community college districts are dependent instrumentalities of the State of California." *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994). Similarly, individuals working for the colleges or universities who are sued in their official capacities share the college district's Eleventh Amendment immunity. *Mitchell*, 861 F.2d at 201; *but see Cerrato*, 26 F.3d at 972 (holding individuals sued in their individual capacity, and not in their official capacity, are not subject to Eleventh Amendment immunity).

Plaintiffs do not contest Defendants' assertion that the Defendants in this case are subject to immunity under the Eleventh Amendment. (ECF No. 44.) The community college district at issue is an instrumentality of the state, and the two individuals are being sued in their official, not their individual, capacities. (*See* SAC ¶¶ 6, 7.)

Instead, Plaintiffs argue (1) "the fact that this Court accepted to try their case as filed and has been considering it for over two years nullifies the Defendants' argument about jurisdiction" and (2) the State has given implied consent to the assumption of jurisdiction because Defendants failed to object to jurisdiction in a timely manner. (ECF No. 44 at 2.)

"A sovereign's immunity may be waived" and "a State may consent to suit against it in federal court." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Supreme Court has held "that the State's consent [must] be unequivocally expressed." *Id.* The Ninth Circuit, however, has clarified that a State may waive sovereign immunity by conduct incompatible with the intent to preserve that immunity. *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995). So, for example, a State's removal of a suit to federal court may constitute a waiver of Eleventh Amendment immunity. *Lapides v. Bd. of Regents Univ. Sys. of Ga.*, 535 U.S. 613 (2002). Or a State may "accept federal funds where the funding statute manifests a clear intent to condition participation in the programs. . . on the State's

– 4 –

consent to waive its constitutional immunity." *Clark v. State of California*, 123 F.3d 1267, 1271 (9th Cir. 1997) (citation omitted).

In *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 760 (9th Cir. 1999), the court explained that the "Eleventh Amendment is not a true limitation upon the court's subject matter jurisdiction, but rather a personal privilege that the state may waive." *See also In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002) ("Sovereign immunity is quasi-jurisdictional in nature.  It may be forfeited where the state fails to assert it . . . .").  A state may waive its Eleventh Amendment immunity by failing to raise it in a timely manner, resulting in "conduct that is incompatible with an intent to preserve that immunity." *Id.* (quoting *Hill*, 296 F.3d at 758.)

In *Hill*, the defendant waited to raise the issue of sovereign immunity until the opening day of trial.  The court found "[b]y waiting until the first day of trial, [defendant] hedged its bet on the trial's outcome." *Hill*, 179 F.3d at 756.  By pushing it off until the last minute, the trial court was forced to proceed with the trial, allowing defendant to have "the best of both worlds.  If [defendant] prevailed at trial, it could withdraw its motion and let the jury verdict stand.  If [defendant] lost at trial, it could ask to have the verdict set aside on the ground that the action was barred by the Eleventh Amendment." *Id.*  Ultimately, the court concluded "[s]uch conduct undermines the integrity of the judicial system.  It also wastes judicial resources, burdens jurors and witnesses and imposes substantial costs upon the litigants." *Id.* at 757.

Even if a defendant does not wait for the first day of trial but waits for substantive motions to be decided before raising the issue of sovereign immunity, "the integrity of the judicial process" can be undermined. *Id.*  "The ruling on a motion for summary judgment or on pre-trial matters such as motions in limine can signal the probable outcome of the case." *Id.*  Thus, a failure to raise the Eleventh Amendment defense may waive the immunity with such "conduct that is incompatible with an intent to preserve that immunity." *Id.*

Similarly, in *In re Bliemeister*, the Ninth Circuit found that the defendant had waived the sovereign immunity defense by not raising it in a timely fashion. 296 F.3d at 862. The defendant did not raise the immunity defense when it first filed its motion for summary judgment. Instead, it waited until it had the opportunity to argue the merits of the case at the summary judgment hearing. At that hearing, the court announced its preliminary findings but requested supplemental briefings on the issue. The defendant filed a motion to dismiss based on sovereign immunity at the same time it filed the supplemental briefings.

The Ninth Circuit found the delay in asserting immunity was "clearly a tactical decision." *Id*. The state benefited from hearing the trial court's preliminary findings. "To allow a state to assert sovereign immunity after listening to a court's substantive comments on the merits of a case would give the state an unfair advantage when litigating suits." *Id.*

To the contrary in this case, the case is still very much in the preliminary stages. Defendants have filed two motions to dismiss, but those were focused primarily on the statute of limitations and failure to exhaust administrative remedies. When those arguments were only partially successful, Defendants now bring this motion to dismiss based on sovereign immunity.

Although the case has been pending for two years, Defendants' answer was not filed until June 3, 2019. (ECF No. 27). Five months later, on November 19, 2019, Defendants filed this Motion for Judgment on the Pleadings. There have been no substantive motions signaling the probable outcome of the case.

The Court can find no conduct in this case that is incompatible with the State's intent to preserve the immunity. There are no tactical reasons that the Court can ascertain for the Defendants not to have filed the Motion sooner. Therefore, the Court finds the Defendants have not waived their right to assert sovereign immunity.

The Eleventh Amendment bars this suit against the College, which is an instrumentality of the State, and against the individuals Sandoval and Gerald, sued

in their official capacities.  Hence, the Court **GRANTS** the Motion for Judgment on the Pleadings on this ground and declines to address Defendants' other arguments as moot.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Judgment on the Pleadings.  (ECF No. 35).  The case is dismissed, and the Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: May 20, 2020**

Hon. Cynthia Bashant
United States District Judge